# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICKY T. DANIELS,**
       **Plaintiff,**

v.                                                           **Case No. 10CV153**

**THE EQUITABLE BANK, SSB,**
**JOHN DOES 1-V, and**
**FEDERAL HOME LOAN MORTGAGE**
**CORPORATION,**
       **Defendants.**

---

## **DECISION AND ORDER**

Plaintiff Ricky T. Daniels brings this action against defendant, The Equitable Bank, S.S.B. ("Equitable"), and others alleging that Equitable violated the Truth in Lending Act ("TILA"), 15 U.S. C. § 1601 et. seq., and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226, by failing to "clearly and conspicuously disclose" to plaintiff that he had a right to rescind his mortgage within three business days of signing the mortgage loan documents. 15 U.S.C. § 1635(a). Pursuant to Fed. R. Civ. P. 12(b)(6), Equitable now moves to dismiss plaintiff's amended complaint.[1]

Plaintiff alleges that Equitable agreed to loan him $83,000 and take a security interest in his home and that the parties closed on the loan on March 26, 2007. Plaintiff further alleges that at the closing Equitable provided him with two copies of a notice of a right to rescind informing him that he could rescind the transaction within three business

---

[1]Equitable had previously moved to dismiss plaintiff's original complaint, but that complaint has been superceded by an amended complaint. The original motion to dismiss will be denied as moot.

days. Plaintiff also alleges that at the March 26 closing Equitable had him sign a "certificate" post-dated March 30, 2007, stating that he did not wish to rescind. Plaintiff further alleges that within three years of the transaction, he asked Equitable to rescind the loan and Equitable declined.

In order to survive Equitable's motion, plaintiff must allege "enough facts to render the claim not just conceivable but facially plausible." Tully v. Barada, 599 F.3d 591, 593 (7th Cir. 2010). In considering the motion, I take all plaintiff's allegations as true and draw all reasonable inferences from them in plaintiff's favor. Reger Dev. LLC v. Nat'l City Bank, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff attaches a copy of the certificate to his amended complaint and thus I will treat it as part of the pleading. Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002).

Congress enacted the TILA in order to help borrowers make informed and responsible decisions with respect to incurring credit obligations. Smith v. No. 2 Galesburg Crown Finance Corp., 615 F.2d 407, 414 (7th Cir. 1980), overruled on other grounds by Pridegon v. Gates Credit Union, 683 F.2d 182, 194 (7th Cir. 1982). The statute permits a borrower who grants a lender a security interest in his home to rescind the loan within three days of the closing. In addition, it requires the lender to provide the borrower with two copies of a notice clearly and conspicuously disclosing this right. If a lender fails to do so, the time which the borrower has to rescind is extended from three days to three years. 15 U.S.C. § 1635(f); Reg. Z § 226.23(a)(3). The TILA also seeks to prevent a lender from getting around the three-day rescission period. Under the statute, a borrower may waive the three day rescission right only if he provides the lender with a handwritten statement stating that he needs the loan immediately to meet a bona fide personal financial

emergency.  15 U.S.C. § 1635(d); Reg. Z §§ 226.15(e), § 226.23(e).

In assessing defendant's motion, I note first that the TILA is a remedial statute and, consistent with its plain language, must be interpreted liberally in favor of borrowers. Rossman v. Fleet Bank, 280 F.3d 384, 390 (3rd Cir. 2002).  I view the sufficiency of any disclosure required by the statute from the standpoint of the ordinary borrower.  Smith v. Cash Store Mgt., 195 F.3d 325, 328 (7th Cir. 1999).  The standard for determining whether a particular disclosure is clear is an objective one.  Smith v. Check-N-Go of Ill., Inc., 200 F.3d 511, 514-15 (7th Cir. 1999).  That is, I focus on the content of the disclosure, not on how it affects a particular reader.  Handy v. Anchor Mortgage Corp., 464 F.3d 760, 764 (7th Cir. 2006).  Notice of the right to rescind may not be ambiguous, i.e. susceptible to more than one plausible reading.  Id.  A misleading notice is as much a violation of the TILA as a failure to disclose at all.  Barnes v. Fleet Nat'l Bank, 370 F.3d 164, 174 (1st Cir. 2004).

As indicated, in the present case, plaintiff alleges that at the March 26 closing, in addition to providing him with two copies of a notice of the three day rescission right, Equitable had him sign a certificate post-dated March 30 stating that more than three days had elapsed since he had received notice of the right to rescind and that he did not wish to rescind.  Assuming that plaintiff's allegation is true, I conclude that Equitable violated the TILA in several respects and that it may also have violated Wis. Stat. § 100.18, the Wisconsin Deceptive Trade Practices Act (DTPA).

First, by having plaintiff sign a post-dated form electing not to rescind, Equitable violated the TILA requirement that it clearly disclose to plaintiff that he could rescind anytime in the next three days. See Elizabeth Renuart & Kathleen Keest, Truth in Lending, §§ 6.4.3.5, 6.4.3.9 (6th ed. 2007).  This is so for several reasons.  First, the statement that

3

three days had elapsed since plaintiff had received notice of the right to rescind was false. The truth was that he received notice and the post-dated certificate simultaneously. Second, the certificate's clear import was that plaintiff could no longer exercise the right to rescind. It stated that plaintiff warranted, covenanted and certified that he did not wish to rescind. Third, by presenting the form to plaintiff at the closing, Equitable likely caused him to conclude that he had to sign it in order to obtain the loan. In sum, Equitable's conduct undermined the TILA requirement that Equitable clearly disclose to plaintiff that he could rescind the loan during the three days after the closing.

Equitable's having plaintiff sign a post-dated election not to rescind also violated the TILA in another respect: it constituted an impermissible waiver of the three day right to rescind. Id. § 6.4.3.9. As indicated, the TILA strictly limits the right to waive the three day rescission right to specified emergency situations and it requires that the waiver be handwritten. The election that Equitable had plaintiff sign at the closing did not involve any emergency and was not handwritten.

Most courts that have addressed fact situations similar to that in the present case have also concluded that the lenders violated the TILA. See e.g. Rand Corp. v. Moua, 559 F.3d 842, 847 (8th Cir. 2009) (stating that requiring borrowers to sign false and contradictory statements is a paradigm for confusion); Rodash v. AIB Mortgage Co., 16 F.3d 1142, 1146-47 (11th Cir. 1994) (stating that lender's presentation of a form waiving borrower's rescission rights on the same day that borrower learned of such rights violated the TILA); Tenney v. Deutsche Bank Trust Corp., No. 08-40041-FDS, 2009 WL 415510, at *3-5 (D. Mass. Jan 26, 2009) (stating that having a borrower sign post-dated "Certificate" confirming decision not to rescind at closing would confuse and mislead the average

consumer); Travis v. Prime Lending, No. 3:07cv00065, 2008 WL 2397330, at *2 (W.D. Va. June 2, 2008) (stating that if lender had borrower post-date statement of non-rescission, lender violated the TILA); Adams v. Nationscredit Fin. Servs. Corp., 351 F.Supp. 2d 829, 833-34 (N.D. Ill. 2004) (stating that requiring borrower to sign confirmation of non-cancellation at closing violates the TILA); Rodrigues v. Members Mortgage Co., 323 F. Supp. 2d 202, 209 (D. Mass. 2004) (stating that asking borrower to sign waiver form at closing misleading); Latham v. Residential Loan Ctrs of Am. Inc., No. 03C7094, 2004 WL 1093315, at *4 (N.D. Ill. May 6, 2004)(denying lender's motion to dismiss); Pulphus v. Sullivan, No. 02C574, 2003 WL 1964333 at *15-16 (N.D. Ill., April 28, 2003) (stating that lender's form implied that rescission can be waived within the three day period and that borrower waived such right); Wiggins v. AVCO Fin. Servs., 62 F. Supp. 2d 90, 93-97 (D.D.C. 1999)(stating that election not to cancel form amounts to waiver); Apaydin v. Citibank Fed. Sav. Bank, 201 B.R. 716, 722-23 (Bankr. E.D. Pa. 1996) (same).

Thus, for the reasons stated, **IT IS ORDERED** that defendant's motion to dismiss plaintiff's amended complaint is **DENIED**. **IT IS FURTHER ORDERED** that defendant's original motion to dismiss is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin this 29th day of October 2010.

/s_____
LYNN ADELMAN
District Judge